```
                                              United States District Court
                                              Southern District of Texas
                                                      FILED

                                                   JAN 19 1999
         UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF TEXAS       Michael N. Milby, Clerk of Court
              BROWNSVILLE DIVISION
```

FRANCISCO LEOS-HERNANDEZ        )
                                )
v.                              )       C.A. No.  B-99-010
                                )
E.M. TROMINSKI, INS DISTRICT    )
     DIRECTOR                   )
_____)

PETITION FOR WRIT OF HABEAS CORPUS

Comes Francisco Leos-Hernandez, by and through the undersigned, and, pursuant to 28 USC §2241(c)(1) and (c)(3), files the instant Petition for Writ of Habeas Corpus, seeking relief from the Decision of the Board of Immigration Appeals, (the "Board"), dated December 7, 1998, (Petitioner's Exhibit A, herein incorporated by reference), ordering that he be deported to Mexico.

I.   THE FACTS AND PROCEDURAL HISTORY

Petitioner is a thirty year old, native and citizen of Mexico who has resided in the United States as a lawful permanent resident since 1980. His wife and three minor children are U.S. citizens.

On June, 1995, Mr. Garcia was convicted of the possession of seven pounds of marijuana, with intent to distribute, in Biloxi, Mississippi. For this offense, he was given three years probation, which he has successfully completed. Deportation proceedings were commenced on or about February 13, 1996, in which he applied for §212(c) relief, both as a stand-alone application, and in conjunction with an application for adjustment of status, through his United States citizen wife.

On May 21, 1997, an Immigration Judge in Harlingen, Texas, found Mr. Leos to be ineligible for such relief, as a result of the Antiterrorism and Effective Death Penalty Act of 1996. The Judge pretermitted his applications, and ordered his deportation to Mexico. Mr. Leos appealed. He urged that AEDPA §440(d) was not intended to apply retroactively, and that, since AEDPA §440(d) does not apply to persons seeking admission, *Matter of Fuentes-Campos,* I.D. 3318 (BIA 1997), his §212(c) application for a waiver of the grounds of *inadmissibility* created by his controlled substance violation could be considered in conjunction with an application for adjustment of status, *see, Matter of Gabryelsky,* 20 I&N Dec. 750 (BIA 1993). In the further alternative, he urged that, as applied herein, AEDPA §440(d) would deprive him of Due Process and Equal Protection of the Laws.

On December 7, 1998, the Board dismissed his appeal, based solely on the decision of the Attorney General in *Matter of Soriano, supra,* holding that AEDPA §440(d) applies to all cases pending when it was enacted. The Board noted his constitutional challenges, but concluded that such challenges were beyond their jurisdiction.

II. THE CAUSE OF ACTION

Among other issues, the instant petition challenges the decision of the Attorney General in *Matter of Soriano, supra,* on the grounds that Congress did not intend that AEDPA §440(d) be applied retroactively. The case therefore falls within the series of habeas petitions which the parties agreed would be governed by *Cantu-Salinas v. Trominski,* No. C.A. B-97-183, decided August 26, 1998, Southern District of Texas, Hon. Filemon B. Vela presiding. In said case, Judge Vela held that the Court had jurisdiction under 28 USC §2241, that Congress did not intend that 8 USC §1252(g)

2

amend 28 USC §2241, and that Congress also did not intend for AEDPA §440(d) to be applied to convictions predating its enactment, and provided no independent justification for such retroactive application, as required by *Landgraf v. USI Film Products*, 114 S.Ct. 1483 (1994). *See also, Lerma de Garcia v. INS*, 141 F.3d 215 (5th Cir. 1998); *U.S. ex rel Marcello v. INS*, 634 F.2d 964 (5th Cir. 1981); *Heikkila v. Barber*, 345 U.S. 229 (1953); *Felker v. Turpin*, 116 S.Ct. 2333 (1996); *Magana-Pizano v. INS*, 152 F.3d 1213 (9th Cir. 1998) (where no other avenue of appeal exists, repeal of habeas jurisdiction over deportation order violates Suspension Clause of the U.S. Constitution); *Henderson v. INS*, 157 F.3d 106 (2nd Cir. 1998) (habeas jurisdiction exists over deportation order under 28 USC §2241, notwithstanding 1996 amendments to the Immigration and Nationality Act); *Goncalves v. Reno*, 144 F.3d 110 (1st Cir. 1998); and *Sabino v. Reno*, 8 F.Supp.2d 622 (S.D.Tx 1998) (habeas jurisdiction in exclusion cases for a lawful permanent resident, for whom no other avenue for review exists, extends to review of the exercise of discretion).

Mr. Leos also contends that, as applied herein, AEDPA §440(d) violates Equal Protection, for two reasons. First, pursuant to *In re Campos-Fuentes*, *supra*, it restricts access to relief only where the resident is seeking relief in deportation, and does not apply where the person is under exclusion proceedings. Furthermore, as erroneously interpreted by the BIA in *Matter of Gonzalez-Camarillo*, I.D. 3320 (BIA 1997), AEDPA §440(d) also precludes adjustment of status, with a §212(c) waiver of the ground of excludability created by the conviction. When such applications are before the District Director, rather than the Immigration Judge, §440(d) presents no such barrier.

3

These limitations are arbitrary, and bear no relationship, let alone a "fair and substantial" one, to the purposes of AEDPA §440(d), and violate Equal Protection. *See*, *Plyler v. Doe*, 102 S.Ct. 2382 (1982) (even aliens unlawfully present in the United States are entitled to Equal Protection); *Reno v. Flores*, 113 S.Ct. 1439, 1449 (1993) (federal statute reviewed for Equal Protection violation, but none found); *Texas Manufactured Housing Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1106 (5th Cir. 1996) (to pass Equal Protection muster, factor on which legislative discrimination is based must bear fair and substantial relationship to the objectives of the legislation); *Yeung v. INS*, 76 F.3d 337, 339 (11th Cir. 1996) (statute violates Equal Protection where eligibility for relief based on an arbitrary factor); *Bedoya-Valencia v. INS*, 6 F.3d 891, 895 (2nd Cir. 1993) (same); *Ghassan v. INS*, 972 F.2d 631, 633,n.2 (5th Cir. 1992) (extending §212(c) relief to aliens in deportation proceedings on Equal Protection grounds). *See also*, *Nuñez v. Boldin*, 537 F.Supp. 578, 584-85 (S.D.Tx. 1982), aff'd, 692 F.2d 755 (5th Cir. 1982) (right to apply for relief from deportation, and receive meaningful consideration of such an application, may be protected by Due Process Clause).

It is therefore urged that, in accordance with *Cantu-Salinas v. Trominski*, *supra*, the instant deportation order be vacated, and the case be remanded to the BIA for further proceedings consistent with the principles set forth therein.

Respectfully Submitted,

4

Lisa S. Brodyaga, Attorney at Law
402 E. Harrison, 2nd Floor
Harlingen, Texas 78550
(956) 421-3226

VERIFICATION

I, Lisa S. Brodyaga, certify that I am familiar with the facts as stated above, and that they are true and correct to the best of my knowledge and belief.



CERTIFICATE OF SERVICE

I hereby certify that a courtesy copy of the foregoing, with Exhibit A, were personally served on the Office of Lisa Putnam and Cheri Jones, SAUSAs, 1701 Zoy St., Harlingen, Texas, on this 19th day of January, 1999.



```
              UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                   BROWNSVILLE DIVISION


FRANCISCO LEOS-HERNANDEZ         )
                                 )
v.                               )     C.A. No.  B-99-010
                                 )
E.M. TROMINSKI, INS DISTRICT     )
     DIRECTOR                    )
_____)


              EXHIBIT "A" IN SUPPORT OF PETITION
                  FOR WRIT OF HABEAS CORPUS
```

Executive Office for Immigration Review

Falls Church, Virginia 22041

File: A36 609 115 - Harlingen

Date: DEC - 7 1998

In re: FRANCISCO LEOS-HERNANDEZ

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Jodi Goodwin, Esquire
Law Office of Jodi Goodwin
815 Ridgewood
Brownsville, Texas 78520

ON BEHALF OF SERVICE: Thomas M. Bernstein
Assistant District Counsel

ORDER:

PER CURIAM. The respondent is seeking relief from deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). However, the respondent is statutorily ineligible for such relief as an "alien who is deportable by reason of having committed any criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 241(a)(2)(A)(ii) for which both predicate offenses are, without regard to the date of their commission, otherwise covered by section 241(a)(2)(A)(i)." See Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA") § 440(d); Matter of Soriano, Interim Decision 3289 (A.G., Feb. 21, 1997). The respondent's lack of eligibility is not affected by the fact that the respondent was convicted prior to the date of enactment of AEDPA. Matter of Soriano, supra.

The respondent is also seeking adjustment of status under section 245 of the Act, 8 U.S.C. § 1255. However, without the section 212(c) waiver, the respondent is also statutorily ineligible for adjustment of status.

The respondent has argued on appeal that AEDPA violates the equal protection clause of the Constitution because the new section 212(c) provisions apply only in deportation proceedings and not in exclusion proceedings. We cannot rule on the constitutionality of laws enacted by Congress. See, e.g., Matter of Fuentes-Campos, Interim Decision 3318 (BIA 1997); Matter of C-, 20 I&N Dec. 529 (BIA 1992).

Accordingly, the respondent's appeal is dismissed. The request for oral argument before the Board is denied.

FOR THE BOARD